United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  MARY SWEARINGEN and ROBERT FIGY,          No. C 13-04291 SI
    individually and on behalf of all others similarly
12  situated,                                 **ORDER GRANTING IN PART AND**
                                              **DENYING IN PART PLAINTIFFS'**
13              Plaintiffs,                    **MOTION TO ALTER OR AMEND THE**
                                              **JUDGMENT AND/OR FOR RELIEF**
14      v.                                    **FROM JUDGMENT**

15  SANTA CRUZ NATURAL INC,

16              Defendant.
    _____/
17

18          A motion by plaintiffs Mary Swearingen and Robert Figy to alter or amend the judgment

19  pursuant to Federal Rule of Civil Procedure 59(e) and/or for relief from judgment pursuant to Federal

20  Rule of Civil Procedure 60(b) is scheduled for a hearing on July 25, 2014.  Docket No. 39.  Pursuant

21  to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument,

22  and hereby VACATES the hearing.  For the reasons set forth below, the Court GRANTS IN PART and

23  DENIES IN PART plaintiffs' motion.

24
                                        **BACKGROUND**
25

26          This is a consumer class action.  Defendant Santa Cruz is a beverage manufacturer which uses

27  the term "organic evaporated cane juice" ("ECJ") on the label of its Lemonade Soda, Orange Mango

28  Soda, Raspberry Lemonade Soda, Ginger Ale Soda, Lemon Organic Juice Box, Grape Organic Juice

    Box, Limeade, Lemon Lime Soda, Mango Lemonade Soda, Pomegranate Limeade Soda, Root Beer

Soda, Sparkling Limeade, Sparkling Lemonade, Sparkling Tangerine, Cherry Lemonade, Peach Lemonade, Mango Lemonade, Raspberry Lemonade, Strawberry Lemonade and Original Lemonade ("class products"). Docket No. 23, First Amended Complaint ("FAC") ¶ 3, Table 1. Plaintiffs allege that defendant's use of the term ECJ violates Food and Drug Administration ("FDA") regulations which require food labels to reflect the common or usual name of an ingredient. FAC ¶¶ 16, 23, 44-49 (citing 21 C.F.R. §§ 101.4, 102.5). Plaintiffs allege that the common or usual name for ECJ is actually "sugar," and defendant uses the term ECJ instead of sugar to make its products appear healthier to consumers. FAC ¶¶ 16, 21, 23, 40, 44. Plaintiffs further allege that defendant's failure to comply with these FDA regulations violates California's Sherman Law ("Sherman Law"), California Health and Safety Code § 109875 et seq. *Id.* ¶¶ 8-10, 37-38, 61-65.

Based upon those alleged violations, plaintiffs filed a class action complaint against Santa Cruz on September 16, 2013. Docket No. 1, Compl. On December 30, 2013, plaintiffs filed a first amended complaint ("FAC"), asserting causes of action under the following California consumer protection statutes: (1) the Unfair Competition Law ("UCL") for unlawful business practices; (2) the UCL for unfair business practices; (3) the UCL for fraudulent business practices; (4) the False Advertising Law ("FAL") for misleading and deceptive advertising (5) the FAL for untrue advertising; and (6) the Consumer Legal Remedies Act ("CLRA") for unlawful sale of misbranded products and misrepresentations regarding those products. Docket No. 23, FAC. Plaintiffs also allege causes of action for: (7) breach of express warranty; (8) breach of implied warranty; (9) negligent misrepresentation; (10) negligence; (11) unjust enrichment; (12) recovery in assumpsit; and (13) declaratory relief. *Id.* On January 29, 2014, defendant filed a motion to dismiss plaintiffs' FAC based upon, among other grounds, the doctrine of primary jurisdiction. Docket No. 24. On April 2, 2014, the Court granted defendant's motion to dismiss, dismissed plaintiffs' action without prejudice pursuant to the doctrine of primary jurisdiction, and entered judgment in favor of defendant and against plaintiffs. Docket Nos. 37, 38.

By the present motion, plaintiffs move pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend the judgment; and pursuant to Federal Rule of Civil Procedure 60(b)(1), (b)(6) for relief from the judgment. Docket No. 39, Pl.'s Mot.

**LEGAL STANDARDS**

A district court may reconsider its entry of judgment against a party "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).  Under Federal Rule of Civil Procedure 59(e), a party may file a motion to alter or amend a judgment.  "'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'"  *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc).  But, amendment or alteration of a judgment is "'an extraordinary remedy which should be used sparingly.'"  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).  A court may grant a Rule 59(e) motion: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  *Id.*  "A court considering a Rule 59(e) motion is not limited merely to these four situations, however."  *Id.*  A Rule 59(e) motion "'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'"  *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *accord Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." (emphasis in original)).

Under Federal Rule of Civil Procedure 60(b)(1), a district court may relieve a party from a final judgment based on "(1) mistake, inadvertence, surprise or excusable neglect."  Rule 60(b)(1) is not limited to mistakes made by litigants and "may include mistake and inadvertence by the judge." *Kingvision Pay-Per-View v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("[A] district court can correct its own mistake months after judgment, under Rule 60(b)."); *accord Fid. Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004).

Under Federal Rule of Civil Procedure 60(b)(6), a district court may relieve a party from a final judgment for "any other reason that justifies relief."  "'Rule 60(b)(6) is a grand reservoir of equitable power,' and it affords courts the discretion and power 'to vacate judgments whenever such action is

**United States District Court**
For the Northern District of California

1    appropriate to accomplish justice.'" *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009).

2    However, the Ninth Circuit has cautioned that Rule 60(b)(6) "is to be 'used sparingly as an equitable

3    remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances

4    prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Harvest v.*

5    *Castro*, 531 F.3d 737, 749 (9th Cir. 2008). "A party moving for relief under Rule 60(b)(6) 'must

6    demonstrate both injury and circumstances beyond his control that prevented him from proceeding with

7    the action in a proper fashion.'" *Id.*

8         A Rule 60(b) motion should be denied when the motion is merely a reiteration of arguments that

9    have already been presented to the district court. *See Maraziti v. Thorpe*, 52 F.3d 252, 255 (9th Cir.

10   1995); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). Moreover, a Rule 60(b) motion

11   cannot be used to present new arguments that could have been raised prior to the entry of judgment.

12   *San Luis & Delta-Mendota Water Auth. v. U.S. Dept. of Interior*, 624 F. Supp. 2d 1197, 1208 (E.D. Cal.

13   2009); *McCloskey v. Courtnier*, No. C 05-4641 MMC, 2013 U.S. Dist. LEXIS 39076, at *5 (N.D. Cal.

14   Mar. 20, 2013); *Barker v. Hertz Corp.*, No. CV 07-554-PHX-MHM, 2008 U.S. Dist. LEXIS 99287, at

15   *2 (D. Ariz. Nov. 24, 2008).

16

17                                        **DISCUSSION**

18         Plaintiffs argue that the Court should alter or amend the judgment and/or grant them relief from

19   the judgment based on the following two grounds. First, plaintiffs argue that the Court committed clear

20   error when it applied the doctrine of primary jurisdiction to their claims. Pl.'s Mot. at 4-10. Second,

21   plaintiffs argue that the Court committed clear error when, after determining that the doctrine of primary

22   jurisdiction applied, it dismissed plaintiffs' action without prejudice rather than staying the action. *Id.*

23   at 11-15.

24         Plaintiffs argue that the Court committed clear when it determined that the doctrine of primary

25   jurisdiction applies their claims challenging the use of term ECJ on defendant's labels. Pl.'s Mot. at 4-10.

26   Specifically, plaintiffs argue that the issue of whether the use of the term ECJ on food labels is

27   permissible is not a question of first impression with the FDA and it does not involve particularly

28   complicated issues within the special competence of the FDA. *Id.* However, here, plaintiffs merely seek

United States District Court
For the Northern District of California

1   to relitigate the prior motion to dismiss.  All of the arguments in plaintiffs' motion are either arguments

2   that were made in opposition to defendant's motion to dismiss or arguments that could have been made

3   prior to the entry of judgment.[1]  A Rule 59(e) or Rule 60(b) motion cannot be used to relitigate old

4   matters or raise new arguments that could have previously been presented prior to the entry of judgment.

5   *See Exxon Shipping*, 554 U.S. at 485 n.5; *Maraziti*, 52 F.3d at 255; *San Luis & Delta-Mendota Water*

6   *Auth.*, 624 F. Supp. 2d at 1208.  Moreover, the Court notes that since it issued its order in this case

7   finding that the doctrine of primary jurisdiction applies to plaintiffs' claims, several other courts in this

8   district have applied the doctrine of primary jurisdiction to actions involving similar claims related the

9   use of the term ECJ on food labeling.  *See, e.g.*, *Figy v. Lifeway Foods, Inc.*, No. 13-cv-04828-TEH, 2014

10   U.S. Dist. LEXIS 62700 (N.D. Cal. May 5, 2014); *Avila v. Redwood Hill Farm & Creamery, Inc.*, No.

11   5:13-CV-00335-EJD, 2014 U.S. Dist. LEXIS 69378 (N.D. Cal. May 19, 2014); *Swearingen v. Attune*

12   *Foods, Inc.*, No. C 13-4541 SBA, 2014 U.S. Dist. LEXIS 68558 (N.D. Cal. May 19, 2014); *Swearingen*

13   *v. Yucatan Foods, L.P.*, No. C 13-3544 RS, 2014 U.S. Dist. LEXIS 72575 (N.D. Cal. May 20, 2014);

14   *Swearingen v. Late July Snacks LLC*, No. C-13-4324 EMC, 2014 U.S. Dist. LEXIS 74114 (N.D. Cal.

15   May 29, 2014); *Smedt v. Hain Celestial Group, Inc.*, No. 5:12-CV-03029-EJD, 2014 U.S. Dist. LEXIS

16   74291, at *10-16 (N.D. Cal. May 30, 2014); *Gitson v. Clover Stornetta Farms*, No. C -13-01517(EDL),

17   2014 U.S. Dist. LEXIS 83880 (N.D. Cal. Jun. 9, 2014).  Accordingly, the Court denies plaintiffs' motion

18   to the extent it is based on the Court's prior determination that the doctrine of primary jurisdiction applies

19   to plaintiffs' claims.

---

[1] The Court recognizes that the March 5, 2014 FDA notice was issued after plaintiffs' opposition to the motion to dismiss had been filed and was raised for the first time in defendant's reply brief, and, therefore, plaintiffs could not have addressed the FDA notice in their opposition to the motion. However, prior to the entry of judgment, plaintiffs could have sought leave to file a sur-reply brief addressing the March 5, 2014 notice. Indeed, in a related case before this Court involving plaintiff Figy and plaintiffs' counsel, the Court granted plaintiff Figy leave to file a sur-reply brief addressing the March 5, 2014 FDA notice. *Figy v. Amy's Kitchen*, No. 13-cv-3816, Docket No. 55 (N.D. Cal. Mar. 14, 2014). Defendant has provided the Court with a declaration from its counsel stating that prior to the Court's entry of judgment in this action, he contacted plaintiffs' counsel about whether plaintiffs wished to file additional briefing in this action addressing the FDA notice. Docket No. 43-1, Hawk Decl. ¶ 2. In response, plaintiffs' counsel indicated no desire to file supplemental briefing and stated that any further submission would be the same as plaintiffs' counsel had filed in other cases anyway. *Id.* In its reply brief to the current motion, plaintiffs do not contest these representations. *See generally* Docket No. 43, Pl.'s Reply. Moreover, even though no sur-reply brief was filed in this action, the Court considered and addressed the arguments made in the sur-reply brief that was filed in the *Amy's Kitchen* action when deciding the motion to dismiss in this action. *See* Docket No. 37 at 5-7.

1    Plaintiffs argue that the Court's decision to dismiss the action without prejudice rather than stay

2  the action constitutes clear error. Pl.'s Mot. at 11-15.  Specifically, plaintiffs argue that a stay of the

3  action is appropriate because they would be disadvantaged by a dismissal without prejudice and further

4  judicial proceedings in this action following the agency action are contemplated.  *Id.*  The Court notes

5  that all of the arguments in plaintiffs' motion for reconsideration concerning whether the Court should

6  have stayed or dismissed the action are arguments that plaintiffs could have made in their opposition to

7  defendant's motion to dismiss.  Indeed, in the motion for reconsideration, plaintiffs concede that in their

8  opposition they never even addressed the issue of whether a stay rather than dismissal would be

9  appropriate in the event that the Court determined that the doctrine of primary jurisdiction applied to their

10  claims. Docket No. 39 at 14.  Nevertheless, based on the unique circumstances of this case, the potential

11  prejudice to plaintiffs, and the apparent lack of prejudice to defendant, the Court exercises its discretion

12  and reconsiders its prior decision to dismiss the action without prejudice rather than stay the action.

13    Application of the doctrine of primary jurisdiction "does not deprive the court of jurisdiction; it

14  has discretion either to retain jurisdiction or, if the parties would not be unfairly disadvantaged, to dismiss

15  the case without prejudice." *Reiter v. Cooper,* 507 U.S. 258, 268-69 (1993).  The Ninth Circuit has

16  explained that a stay rather than dismissal is appropriate when "a party will be disadvantaged by

17  dismissal without prejudice" due to, for example, the running of the applicable statute of limitations or

18  further judicial proceedings following the administrative action are contemplated. *See Davel Communs.,*

19  *Inc. v. Qwest Corp.*, 460 F.3d 1075, 1091 (9th Cir. 2006).  "Whether to stay or dismiss without prejudice

20  a case within an administrative agency's primary jurisdiction is a decision within the discretion of the

21  district court." *Id.*  Here, plaintiffs argue that they will be disadvantaged by a dismissal without prejudice

22  because there is a strong likelihood that the statute of limitations on some of plaintiffs' claims would

23  expire by the time the FDA issues a final guidance document. Docket No. 39 at 12.  Plaintiffs also argue

24  that they will be disadvantaged by a dismissal because they will likely lose at least a year off the class

25  period and possibly more. *Id.*  Further, depending on the final guidance that is ultimately issued by the

26  FDA, further judicial proceedings in this action may be contemplated.  Accordingly, after reconsideration

27  of the issue, the Court concludes that it is appropriate to stay the action pursuant to the doctrine of

28  primary jurisdiction. *See Gitson*, 2014 U.S. Dist. LEXIS 83880, at *30 ("Although the Court has no

opinion at this time as to Plaintiffs' statute of limitations and tolling arguments, to minimize any potential prejudice to Plaintiffs, the Court will stay the action, and revisit the stay in six months."); *Late July Snacks LLC*, 2014 U.S. Dist. LEXIS 74114, at *10 ("To minimize any prejudice to the Plaintiffs and the loss of claims because of the activation of the statute of limitations which flows from the dismissal, the Court finds it is appropriate to stay the action and to revisit whether the stay is still appropriate at a status conference in five months time.").

## CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion to alter or amend the judgment and/or for relief from judgment. Docket No. 39. The Court sets aside the previously entered April 2, 2014 judgment, reopens the action, and stays the action pursuant to the doctrine of primary jurisdiction. The Court schedules a status conference for **Friday, December 12, 2014** at **3:00 p.m.** The parties must file a joint status report no later than **December 5, 2014.**

**IT IS SO ORDERED.**

Dated: July 1, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE